## ERBES v. WEHMEYER.

1. **Trespass:** DRIVING CATTLE ON ANOTHER'S LAND. One who drives his cattle upon another's land through a breach in the fence, where the fence has been thrown down without the owner's fault, is liable for the damages done by the cattle.

2. ———: ———: INSTRUCTION. The court instructed the jury, in substance, that if they found that defendant appropriated the lands of plaintiff to his own use, or allowed his cattle to go wrongfully and illegally

Erbes v. Wehmeyer.

upon said lands, then plaintiff was entitled to recover. *Held* no error where in another instruction the court had sufficiently stated what constituted an unlawful entry.

*Appeal from Louisa District Court.*

SATURDAY, JUNE 12.

ACTION AT LAW. Trial by jury. Verdict and judgment for the plaintiff, and defendant appeals.

*Hurley & Hale* and *Sprague & Springer*, for appellant.

*E. W. Tatlock* and *Newman & Blake*, for appellee.

SEEVERS, J.—In stating the issues or ground upon which the plaintiff claimed to recover, the court said to the jury that the "plaintiff claims to own certain real estate,  * * * and that the defendant  * * *  maliciously, wrongfully and unlawfully, by himself, or by his procurement, broke down, cut, or destroyed the fence, and turned his stock of cattle and horses upon said land, without the consent of the plaintiff," whereby he sustained damage.   The court instructed the jury, in substance, that if the land was the property of the plaintiff,—as to which the jury were directed to inquire,—and if they found the land was fenced, and the defendant broke it down, and thereby allowed his cattle to go upon the land, or if the land was fenced, and the fence had been broken down without the defendant's fault, and he drove his cattle upon the land, the plaintiff would be entitled to recover.   The appellant insists this instruction is erroneous, because, as we understand him to claim, the plaintiff cannot recover unless he maintained a lawful fence, and it had ceased to be such by reason of the defendant's fault.   But we cannot sanction the doctrine that when a person's fence has been blown down by wind, or has been thrown down by the wrongful act of some third person, or has fallen down from some cause without his fault, the owner of cattle may proceed to drive them

through the breach, and allow them to destroy the land-owner's crop. Of course, it must be obvious that any person cannot be permitted to throw down the fence of another, so that his cattle may pass through an opening thus made and destroy crops thereon. There was no issue or claim made that the plaintiff sought to recover on the ground that he had a lawful fence, or, if such a claim was made, it was not submitted to the jury. Therefore, such question is not in this case, and the statute defining what constitutes a lawful fence has no application. The instruction is not erroneous.

II. The court instructed the jury, in substance, that if they found the defendant appropriated the lands of the plaintiff to his own use, or allowed his cattle to wrongfully and illegally go upon said lands, then the plaintiff was entitled to recover. This instruction is said to be erroneous, because, first, the court did not define what constituted a wrongful entry. Possibly the instruction is not as definite, when read alone, as it might be; but for all the purposes of this case the court had sufficiently stated what constituted an unlawful entry, in stating the ground upon which the plaintiff was entitled to recover. The second objection relates to the question of a lawful fence, and the third is that the jury should have been directed not to consider any evidence of damage during the time one Key owned the land. But the jury were specifically instructed as to this question in a prior instruction, to which no objection is made. The instruction under consideration is not erroneous.

The instructions asked were properly refused, and the judgment must be

AFFIRMED.